UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CROW LLC, | Case No.: 2:24-cv-00629-APG-DJA |
| Plaintiff | **Order (1) to Show Cause Why This Action Should Not Be Dismissed for Lack of Subject Matter Jurisdiction and (2) Striking Certificate of Interested Parties** |
| v. | |
| EDGAR BAYEH, et al., | |
| Defendants | |

Plaintiff Crow LLC filed this action in this court based on diversity jurisdiction. ECF No. 1. However, I cannot determine if complete diversity exists. Crow has not identified the citizenship of each of its members. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (stating that "an LLC is a citizen of every state of which its owners/members are citizens"). Additionally, Crow relies on the Secretary of State's website to identify defendant Zilla Management LLC's members, but that document identifies only the managing member. ECF No. 1-6. It is unclear whether Zilla has other members and, if so, what their citizenship is. Consequently, I order Crow to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

Additionally, I strike Crow's certificate of interested parties because it does comply with Federal Rule of Civil Procedure 7.1(a)(2). The certificate does not identify Crow's citizenship as required by that rule.

I THEREFORE ORDER that plaintiff Crow LLC shall show cause, in writing, why this action should not be dismissed for lack of subject matter jurisdiction. Failure to respond to this order by April 30, 2024 will result in the case being dismissed without prejudice.

I FURTHER ORDER that plaintiff Crow LLC's certificate of interested parties (ECF No. 3) is STRICKEN for failure to comply with Federal Rule of Civil Procedure 7.1(a)(2).

I FURTHER ORDER plaintiff Crow LLC to file a corrected certificate of interested parties by April 30, 2024.

DATED this 12th day of April, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE